UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALFREDO A. and JULIO S.C., | Case No. 26-CV-1016 (PJS/DLM) |
| Petitioners, | |
| v. | ORDER |
| DAVID EASTERWOOD, in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; TODD LYONS, in his official capacity as Director of U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and PAMELA BONDI, in her official capacity as Attorney General of the United States, | |
| Respondents. | |

Brian D. Clark, LOCKRIDGE GRINDAL NAUEN PLLP, for petitioners.

David. W. Fuller, Friedrich A.P. Siekert, and Trevor Brown, UNITED STATES ATTORNEY'S OFFICE, respondents.

This matter is before the Court on petitioners Alfredo A. and Julio S.C.'s petition for a writ of habeas corpus.[1]  Alfredo and Julio, both Venezuelan citizens, entered the

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioners only by their first name and last initials.

United States in 2023 and 2021, respectively, and they were granted Temporary Protected Status in the fall of 2024.  V. Pet. ¶¶ 26–27.  On February 3, 2025, Judge Magnuson ordered Alfredo and Julio's release from detention on conditions in a criminal case.  V. Pet. ¶¶ 1, 15; *see also* Case No. 26-CV-0023 (PAM/DLM), ECF No. 46.  But "before the men could even leave the Courthouse," Immigration and Customs Enforcement ("ICE") re-detained Alfredo and Julio without a warrant.  V. Pet ¶ 16.

In a one-paragraph response, respondents take the position that Alfredo and Julio are subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to a bond hearing under 8 U.S.C. § 1226(a).  ECF No. 9.  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following their arrest, Alfredo and Julio filed this habeas action.  This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States unlawfully.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See*

*Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Although respondents' argument to the contrary has some force, *see, e.g., Buenrostro-Mendez v. Bondi*, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026), the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Alfredo and Julio, who entered without inspection and are already present and living in the United States.[2] The Court therefore holds that Alfredo and Julio are not subject to mandatory detention under § 1225(b)(2).

As to remedy:  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") (emphasis added).  Alfredo and Julio alleged in their petition that their arrest was warrantless, V. Pet. ¶¶ 2, 9–10, and respondents impliedly agree, ECF No. 9 (acknowledging "that many judges in this District conclude the absence of a warrant preceding a petitioner's arrest necessitates immediate release").  Respondents have not persuasively argued or presented evidence establishing that Alfredo or Julio's continued

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See generally* ECF No. 9.

detention is lawful despite their warrantless arrest. The Court will therefore grant the petition and order Julio's immediate release.[3]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioners' petition for habeas corpus [ECF No. 1] is GRANTED. Specifically, the Court:

    a. DECLARES that petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2); and

    b. ORDERS respondents to release petitioner Julio S.C. from custody immediately, subject to the Order Setting Conditions of Release in criminal case number 26-mj-0023 (PAM/DLM).

2. The remainder of petitioners' petition is DENIED WITHOUT PREJUDICE.

3. Alfredo's motion for contempt [ECF No. 8] is DENIED as MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

[3] Yesterday, the Court ordered Alfredo's immediate release pending the resolution of this petition to allow Alfredo to be present with his one-year-old son who had suffered severe second- and third-degree burns and was scheduled for emergency surgery. ECF No. 7; *see also* ECF Nos. 4, 5.

Dated: February 7, 2026 /s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court