UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ALFREDO A. and JULIO S.C.,

               Petitioners,

v.

DAVID EASTERWOOD, in his official
capacity as Field Office Director, St. Paul
Field Office, U.S. Immigration and Customs
Enforcement; TODD LYONS, in his official
capacity as Director of U.S. Immigration
and Customs Enforcement; MARKWAYNE
MULLIN, in his official capacity as
Secretary of Homeland Security; U.S.
DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; and TODD
BLANCHE, in his official capacity as Acting
Attorney General of the United States,[1]

               Respondents.

Case No. 26-CV-1016 (PJS/DLM)

ORDER

---

Brian D. Clark, LOCKRIDGE GRINDAL NAUEN PLLP, for petitioners.

Friedrich A.P. Siekert, UNITED STATES ATTORNEY'S OFFICE, for
respondents.

---

[1]Markwayne Mullin and Todd Blanche are automatically substituted as
respondents in place of Kristi Noem and Pamela Bondi pursuant to Fed. R. Civ. P. 25(d).

On February 7, 2026, the Court granted the joint petition of Alfredo A. and Julio S.C. for a writ of habeas corpus.  ECF No. 12.[2]  Alfredo now seeks additional relief, alleging that respondents unlawfully "forced [him] to sign an Order of Release on Recognizance [("ORR")]" before releasing him from immigration custody pursuant to the Court's order.  ECF No. 14 at 2; *see also* Third Clark Decl. ¶ 3, ECF No. 15.[3]  Among other things, the ORR required Alfredo to report to a duty officer at the Bishop Henry Whipple Federal Building on March 6, 2026.  ECF No. 14 at 2; *see also* Siekert Decl. Ex. D, ECF No. 27-4.  Alfredo argues that the ORR violates the Court's orders, *see* ECF Nos. 7, 12, and asks the Court to strike the ORR "from the record" and to "negate the unlawful conditions."  ECF No. 14 at 3.

The Court directed respondents to "identify any legal authority for the release conditions imposed upon petitioner."  ECF No. 16.  In response, respondents asserted

---

[2]Pursuant to this District's policy in immigration cases, the Court identifies petitioners only by their first names and last initials.

[3]The Court ordered Alfredo's immediate release on February 6, 2026—one day before it granted his habeas petition—to allow Alfredo to be present with his one-year-old son who had suffered severe second- and third-degree burns and was scheduled for emergency surgery.  ECF No. 7; *see also* ECF Nos. 4–5.  The ORR was signed on that date.  Siekert Decl. Ex. D.

that Alfredo was arrested and detained "[p]ursuant to [a] final order of removal,"[4] and therefore was subject to mandatory detention under 8 U.S.C. § 1231.  ECF No. 25 at 2–3.

Under § 1231, detention is mandatory during a 90-day "removal period" that begins once a noncitizen is "ordered removed" and the removal order becomes "administratively final."  *Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021); *see also* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General *shall* detain the alien.") (emphasis added).  A removal order does not become administratively final until the conclusion of removal proceedings, which typically occurs after the Board of Immigration Appeals dismisses an appeal.  8 C.F.R. § 1241.1(a).  When a removal order is issued *in absentia*, though, it is deemed to be administratively final "immediately upon entry."  8 C.F.R. § 1241.1(e).  The record reflects that Alfredo was ordered removed *in absentia* on January 13, 2026—one day prior to his arrest.  Siekert Decl. Ex. C, ECF No. 27-3 (stating that removal order is "final unless a Motion to Reopen is filed").  As a result, Alfredo was subject to an administratively final order of removal—and thus

---

[4]Alfredo points to "[p]ublicly available information" that contradicts respondents' "statement that Alfredo was detained 'pursuant to the final order of removal.'"  ECF No. 28 at 7 (citing Jeff Day & Liz Sawyer, *FBI Reveals How Mistaken Identity by ICE Led to Chase, Shooting of Venezuelan Immigrant*, Star Trib. (Jan. 22, 2026, 4:54 pm), https://www.startribune.com/fbi-reveals-how-mistaken-identity-by-ice-led-to-chase-shooting-of-venezuelan-immigrant-in-north-minneapolis/601567978)).  But even if Alfredo was not arrested *because* he was subject to a final removal order, the fact remains that, at the time of his arrest and release, he *was* subject to a final removal order.

was subject to mandatory detention—when he was released from immigration custody and the ORR was signed on February 6, 2026.[5]

The only remaining question, then, is whether the ORR conflicts with any order of this Court. Before Alfredo was required to sign the ORR, the Court had merely ordered that "petitioner Alfredo A. must be RELEASED from custody immediately—and that Alfredo must not leave the District of Minnesota—until further order of this Court." ECF No. 7 at 2. The Court did not order that Alfredo be released "unconditionally" or "without conditions" nor in any other way prohibit respondents from imposing conditions. Given that, at the time that the conditions were imposed on Alfredo's release, he was subject to mandatory detention under 8 U.S.C. § 1231—and given that the conditions that respondents imposed were reasonable—the Court will not order respondents to eliminate or modify those conditions.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT petitioner Alfredo A.'s motion for additional relief [ECF No. 14] is DENIED.

---

[5]Alfredo argues that the removal order is no longer final because he filed a motion to reopen his immigration proceedings on March 5, 2026. ECF No. 28 at 5. At the time of Alfredo's release on February 6, 2026, though, no such motion had been filed. The motion to reopen does not alter the conclusion that Alfredo was subject to an administratively final order of removal *at the time of his release*—that is, at the time that the conditions were imposed.

Dated: April 9, 2026                    /s/ Patrick J. Schiltz
                                        Patrick J. Schiltz, Chief Judge
                                        United States District Court