UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ALFREDO A. and JULIO S.C.,

    Petitioners,

v.

DAVID EASTERWOOD, in his official
capacity as Field Office Director, St. Paul
Field Office, U.S. Immigration and Customs
Enforcement; TODD LYONS, in his official
capacity as Director of U.S. Immigration
and Customs Enforcement; MARKWAYNE
MULLIN, in his official capacity as
Secretary of Homeland Security; U.S.
DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT; and TODD
BLANCHE, in his official capacity as Acting
Attorney General,[1]

    Respondents.

Case No. 26-CV-1016 (PJS/DLM)

ORDER

---

Brian D. Clark, Adam R. George, and Steve E. Serdikoff, LOCKRIDGE
GRINDAL NAUEN PLLP, for petitioners.

Friedrich A.P. Siekert, UNITED STATES ATTORNEY'S OFFICE, for
respondents.

---

[1]Markwayne Mullin and Todd Blanche are automatically substituted as
respondents in place of Kristi Noem and Pamela Bondi.  Fed. R. Civ. P. 25(d).

Petitioners Alfredo A. and Julio S.C.,[2] both Venezuelan citizens, unlawfully entered the United States in 2023 and 2021, respectively, and were granted Temporary Protected Status in the fall of 2024.  V. Pet. ¶¶ 26–27, ECF No. 1.  Alfredo and Julio were detained by Immigration and Customs Enforcement on February 3, 2026, and both men are currently seeking U Visa status based on the circumstances of their arrests.  *Id.* ¶¶ 16, 2, 26–27.  Following their detention, Alfredo and Julio filed this habeas action.

In Alfredo and Julio's action—as in hundreds of other immigration habeas actions filed in recent months—the decisive question was whether aliens who had entered the United States without inspection were subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Alfredo and Julio argued that they were not; respondents argued that they were.  This Court agreed with Alfredo and Julio and ordered their release.  *See* ECF No. 12 at 2–4.  In doing so, however, the Court acknowledged that "respondents' argument to the contrary has some force."  *Id.* at 3.

Alfredo and Julio now move for an award of attorney's fees under the Equal Access to Justice Act ("EAJA").  ECF No. 19; 28 U.S.C. § 2412(d).  The EAJA provides that a party who prevails in a civil action against the Untied States—including a habeas action—must be awarded fees and other expenses "unless the court finds that the position of the United States was substantially justified[.]"  28 U.S.C. § 2412(d)(1)(A).

---

[2]Pursuant to this District's policy in immigration cases, the Court identifies petitioners only by their first names and last initials.

A "substantially justified" position "need not be correct" so long as it has a "reasonable basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).  The government bears the burden of proving that its position—in this case, its position that Alfredo and Julio were subject to mandatory detention under § 1225(b)(2)—was substantially justified.  *See Friends of the Boundary Waters Wilderness v. Thomas*, 317 F.3d 503, 507 (8th Cir. 1995).

At the time that this Court granted Alfredo and Julio's petition, courts across the country—and judges within this District—were divided on the question of whether § 1225(b)(2) applied to aliens such as Alfredo and Julio.[3]  Although this Court (and the vast majority of courts that had addressed the issue[4]) disagreed with the government's

---

[3]*Compare Barbosa da Cunha v. Freden*, No. 25-3141, 2026 WL 1146044, at *4 (2d Cir. Apr. 28, 2026) (rejecting the government's interpretation of § 1225(b)(2)); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026) (same, but with no controlling opinion); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026) (same); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *3 (6th Cir. May 11, 2026) (same), *with Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (adopting the government's reading of § 1225(b)(2)); *Byron A. v. Bondi*, No. 26-CV-1365 (PAM/JFD), 2026 WL 608535, at *2 (D. Minn. Mar. 4, 2026) (agreeing with the "growing minority of courts" that "a noncitizen who is an 'applicant for admission' is necessarily 'seeking admission'"); *de Andrade v. Noem*, No. 26-CV-1187 (DMT/DTS), 2026 WL 483279, at *1 (D. Minn. Feb. 20, 2026) (denying a motion to reconsider an order concluding that an asylum-seeking habeas petitioner was "in the category of those 'seeking admission' under § 1225").

[4]*See, e.g., Barbosa da Cunha*, 2026 WL 1146044, at *4 (noting that "over ninety percent of district court judges" have rejected the government's interpretation); *Santos*
(continued...)

position, that position unquestionably had a reasonable basis in law and fact. The division among courts, by itself, is strong evidence that the government's position was substantially justified. *See, e.g.*, ECF No. 12 at 3 ("[R]espondents' argument to the contrary has some force."); *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *1 (D. Minn. Jan. 5, 2026) (granting habeas relief but noting that "[t]here are reasons to question this conclusion"). And any remaining doubt was dispelled by the Eighth Circuit's subsequent decision in *Avila v. Bondi* adopting the government's interpretation of § 1225(b)(2). 170 F.4th 1128, 1134 (8th Cir. 2026).

The Court therefore denies Alfredo and Julio's motion for attorney's fees.[5]

---

[4](...continued)
*M.C.*, 2025 WL 3281787, at *2 & n.3 (collecting cases where the "vast majority of courts that have addressed the issue" held that respondents' "interpretation is incorrect"); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 (S.D.N.Y. 2025) (noting that respondents' position "ha[d] been challenged in at least 362 cases in federal district courts" as of November 2025, and the petitioners prevailed "either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States"); *cf. Avila v. Bondi*, 170 F.4th 1128, 1140 (8th Cir. 2026) (Erickson, J., dissenting) (noting that, since the statute was enacted, "[a]ll three branches of government," "[f]ive presidential administrations, including the first Trump administration, and most immigration judges interpreted § 1225 to apply only to those arriving at the border").

[5]Alfredo and Julio also seek a fee award based on "ICE's pre-litigation decision to detain Petitioners violently and without a warrant[.]" ECF No. 19 at 7; *see also id.* at 4 (noting that ICE agents "assaulted Petitioner Alfredo A., shot Petitioner Julio S.C. in the leg through a closed door, tear gassed their young families, and entered their home and detained them without a warrant"). "The EAJA requires courts to consider the government's conduct leading up to the litigation in addition to its subsequent
(continued...)

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT  petitioners' motion for attorney's fees [ECF No. 19] is

DENIED.


Dated: May 13, 2026                                      /s/ Patrick J. Schiltz
                                                         Patrick J. Schiltz, Chief Judge
                                                         United States District Court

---

[5](...continued)
conduct."  *Bah*, 548 F.3d at 684 (citing 28 U.S.C. § 2412(d)(2)(D)).  But an EAJA fees request is not a substitute for a *Bivens* action or a personal-injury action.  This is a habeas action; the only question for this Court was whether the government had *authority* to detain the petitioners.  The Court can hardly find that the government's position that it had such authority was not substantially justified when the Eighth Circuit, the Fifth Circuit, and many other federal courts ultimately agreed with it.